IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIKE PEAY, COLLEEN PEAY, MATTHEW PEAY, MEGAN PEAY, and JUAN RAMIREZ,<br><br>        Plaintiffs,<br>v.<br><br>UTAH COUNTY, UTAH COUNTY SHERIFF'S DEPARTMENT, UTAH COUNTY MAJOR CRIMES TASK FORCE, JOANN MURPHY, DALE LEA, BRIAN WOLKEN, RICH FERGUSON, MIKE FORSHEE, NICK KOGANIES, WADE BERRY, LANE CRITSER, ROB RIDING, and DAVID SORENSEN,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:05cv1083<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

       This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Mike Peay, et al.'s (collectively, "Plaintiffs") motion for leave to file a second amended complaint.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to

---

      [1] *See* docket no. 41.

      [2] *See* docket no 49.

determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

On November 29, 2007, Plaintiffs filed a motion for leave to file a second amended complaint to add additional parties to the lawsuit.  Specifically, Plaintiffs want to add Deputy Steven Shawn Chipman ("Deputy Chipman") and Deputy Doug Willes ("Deputy Willes") as defendants.  While Utah County, et al. (collectively, "Defendants") have stipulated to the addition of Deputy Chipman,[3] they contend that Plaintiffs should have sought to add Deputy Willes when they moved the court for leave to file a first amended complaint on April 23, 2007.  Defendants allege that Plaintiffs knew of Deputy Willes's involvement on February 5, 2007, well before Plaintiffs sought to amend their complaint.  In fact, Defendants contend, Plaintiffs received the police report on February 5, 2007, which detailed Deputy Willes's involvement in the incident that is the subject of this lawsuit.

While Plaintiffs concede that they were aware of Deputy Willes before they sought leave to file their first amended complaint, they contend that it was unclear exactly what role he played in the incident.  Plaintiffs assert that because Defendants were delinquent in responding to Plaintiffs' initial discovery requests, it is reasonable to allow Plaintiffs to amend the complaint to add Deputy Willes.  Plaintiffs, however, do not claim that they learned the extent of Deputy Willes's involvement upon receipt of the delinquent discovery responses from Defendants, nor do they state when they did learn the extent of his involvement.

---

[3] *See* docket no. 52.

The second amended scheduling order, issued on October 16, 2007, indicates that the last day to amend pleadings or add parties was November 30, 2007.  Because the instant motion was filed on November 29, 2007, it is timely.  Defendants contend that in ruling on this motion, the court is required to apply rule 16(b) of the Federal Rules of Civil Procedure which requires a finding of "good cause."  Fed. R. Civ. P. 16(b)(4) ("A schedul[ing order] may be modified only for good cause and with the judge's consent.").  Plaintiffs, however, are not seeking to modify the scheduling order; they are attempting to add parties to the lawsuit within the time provided by the current scheduling order.  Accordingly, this matter is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).

Rule 15 provides that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Whether to grant or deny leave to amend is within the sound discretion of the trial court.  *See Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).  "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc."  *Id.*

It appears that Plaintiffs knew of Deputy Willes when they filed their first motion to amend the complaint on April 23, 2007, and that they should have known the extent to which he was involved in the incident.  A review of the police report, attached to Defendants' memorandum in opposition, demonstrates Deputy Willes's involvement.  The report was written by Deputy Willes, and it provides details of his involvement in the incident.  Plaintiffs received the police report on or about February 5, 2007, over two months before they filed their first

motion for leave to amend the complaint on April 23, 2007. Plaintiffs should have had sufficient knowledge as to what Deputy Willes's role was in the underlying incident to add him as a defendant at that time.

Based on the foregoing, the court concludes that Plaintiffs had an opportunity to add Deputy Willes when they filed their first motion to amend the complaint and should have added him then. Because Plaintiffs "fail[ed] to cure deficiencies by amendments previously allowed," *id.*, the court **DENIES** Plaintiffs' motion for leave to amend as to Deputy Willes. Because Defendants do not oppose adding Deputy Chipman, Plaintiffs' motion for leave to amend as to Deputy Chipman is **GRANTED.**

In summary, **IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to amend the complaint[4] is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' motion for leave to amend is **GRANTED** as to Deputy Chipman and **DENIED** as to Deputy Willes.

**IT IS SO ORDERED.**

DATED this 31st day of March, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 49.